IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNY A. NOBLES, | No. C 11-1971 WHA (PR) |
| Petitioner, | **ORDER GRANTING MOTION TO DISMISS; DENYING OTHER MOTION; DENYING CERTIFICATE OF APPEALABILITY** |
| v. | |
| NOLL, Warden, | |
| Respondent. / | (Docket Nos. 11 & 12) |

## INTRODUCTION

Petitioner, a California prisoner proceeding pro se, filed this habeas case under 28 U.S.C. 2254. Respondent was ordered to show cause why the petition should not be granted. Respondent has filed a motion to dismiss on several grounds, including the statute of limitations. Petitioner filed a "motion to rule in favor of petitioner" which the Court construes as an opposition to respondent's motion to dismiss. (Docket No. 12.)

For the reasons discussed below, respondent's motion to dismiss is **GRANTED.**

## STATEMENT

The following facts are not disputed by the parties. Petitioner pleaded guilty in Santa Clara County Superior Court to car-jacking and auto theft with four five-year enhancements. On May 16, 1997, petitioner was sentenced to thirty-four years and four months in state prison.

In 2008, petitioner challenged the calculation of good time credits through the inmate appeal process, and completed the process on December 12, 2008, when the Director's Level issued its denial of his appeal. Specifically, petitioner challenged the application of a recidivist

credit earning limitation to his sentence, which effected his earliest possible release date.

On May 1, 2009, petitioner filed a petition for writ of habeas corpus in the state superior court, which was denied on September 22, 2009.

On January 25, 2010, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, which denied the petition on March 4, 2010.

On March 25, 2010, petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which summarily denied on October 13, 2010.

On April 10, 2011, petitioner filed the instant federal petition.

## ANALYSIS

Respondent contends that the petition is barred by the statute of limitations.[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Under AEDPA, prisoners challenging non-capital state convictions or sentences must file petitions for relief within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Respondent argues, and petitioner does not contest, that the applicable start date is under subsection (D). Petitioner completed the inmate appeals process challenging the credit earning limitation on December 12, 2008, when the Director's Level appeal decision was issued.

---

[1] Respondent also asserts that petitioner's claim is not cognizable in federal habeas and that petitioner failed to exhaust the claim through the state courts. The Court need not address these arguments as the petition is untimely.

2

1  Respondent contends that petitioner therefore should have discovered the factual predicate of
2  his claims no later than December 12, 2008. Petitioner therefore had until December 12, 2009
3  to file a timely federal habeas petition. It was, however, filed on April 10, 2012. As the instant
4  petition was not filed until almost sixteen months after the one-year limitation period had
5  expired, the instant petition is untimely absent tolling.

6  The one-year statute of limitations in AEDPA is tolled under Section 2244(d)(2) for the
7  "'time during which a properly filed application for state post-conviction or other collateral
8  review with respect to the pertinent judgment or claim is pending.'" *Dictado v. Ducharme*, 244
9  F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. 2244(d)(2)). By the time petitioner filed his
10  first habeas petition in state superior court on May 1, 2009, the limitations period had run 140
11  days. The limitations period was tolled while the petition was pending in state superior court.

12  Respondent contends that petitioner is not entitled to tolling for the 125 days that passed
13  between the state superior court decision on September 22, 2009, and petitioner's filing of his
14  second petition in state appellate court on January 25, 2010. The time between a lower court
15  decision and a filing of a new petition in a higher court is treated as time the petition is
16  "pending" as long as the petitioner did not "unreasonably delay" in seeking review. *Carey v.*
17  *Saffold*, 536 U.S. 214, 221-23 (2002); *accord Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir.
18  1999) (an application for collateral review is "pending" in state court for "all of the time during
19  which a state prisoner is attempting, through proper use of state court procedures, to exhaust
20  state court remedies with regard to a particular post-conviction application.") (citation
21  omitted).[2] The Ninth Circuit has held that unexplained, and hence unjustified, delays of 115
22  and 101 days between California habeas petitions were not reasonable. *See Chaffer v. Prosper*,
23  592 F.3d 1046, 1048(9th Cir. 2010); *see also Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir.
24  2011) (finding 91 and 81 days delay between state habeas petitions was "'unreasonable'" with

---

[2] *Nino* concluded that the limitation period "remains tolled during the intervals between the state court's disposition of a state habeas petition and the filing of a petition *at the next state appellate level*." *Nino*, 183 F.3d at 1005 (emphasis added). After *Carey*, this means that a state habeas petition is pending "in the absence of undue delay," while a California petitioner "complete[s] a full round of [state] collateral review" all the way to the California Supreme Court. *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003) (citation and internal quotations marks omitted).

3

no indications from the California courts to the contrary).  In opposition, petitioner provides no explanation for the delay between filings.  Accordingly, petitioner is not entitled to gap-tolling for 125 days because he unreasonably delayed.

Petitioner is entitled to tolling for the period between filings in the state appellate court and the state supreme court.  By the time petitioner completed his state habeas reviews, the limitations period had run for 265 days: 140 days from December 12, 2008, when he completed his inmate appeals, until May 1, 2009, when he filed his first petition in state superior court, and 125 days when he unreasonably delayed between filings in the state superior court and state appellate court.  Petitioner therefore had 100 days remaining to file a timely federal habeas action once the limitations period began to run again on October 13, 2010, when the state high court denied review, *i.e.*, until January 21, 2011.  However, petitioner filed the instant petition on April 10, 2011, over two months after the limitations period had expired.  Accordingly, even with statutory tolling, the petition is untimely.

The Supreme Court has determined that AEDPA's statute of limitations is subject to equitable tolling in appropriate cases.  *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005)).  The prisoner also must show that the extraordinary circumstances "were the cause of his untimeliness."  *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).  Here, petitioner makes no argument that he is entitled to equitable tolling and the record suggests no such equitable relief should be granted.

Accordingly, the motion to dismiss the petition as untimely will be granted.

**CONCLUSION**

Respondent's motion to dismiss (document number 11) is **GRANTED**.  Plaintiff's "motion to rule in favor of petitioner" (docket number 12) is **DENIED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to

4

rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is dismissed. Petitioner has failed to make a substantial showing that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: June   12  , 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

N:\NOBLES1971.MTD-SOL.hhl.wpd